UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-cv-22900-JLK

DESIREE MORENO,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINE, and
VACATION AND TOUR CONSULTANTS,
d/b/a KANTOURS,

    Defendants.
_____/

## ORDER GRANTING IN PART CARNIVAL'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant Carnival Corporation's Motion to Dismiss (the "Motion") (DE 12), filed September 13, 2019. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Carnival seeks dismissal of Plaintiff Desiree Moreno's Amended Complaint. (DE 10). Plaintiff filed a response in opposition to the Motion on September 27, 2019. (DE 13). Carnival filed a reply in support of the Motion on October 7, 2019 (DE 17) and subsequently filed a Notice of Supplemental Authority in support of the Motion on November 18, 2019. (DE 20). Accordingly, this matter is now ripe for disposition.

### I. BACKGROUND

As background, this case arises from a slip-and-fall on a water taxi during an excursion from a Carnival cruise.[1] (*See generally* Mot. at 1). According to the Amended Complaint, Plaintiff

---

[1] The factual allegations of the Amended Complaint (DE 10) are construed in the light most favorable to the plaintiff and are accepted as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

was a passenger on the *Carnival Horizon*, which called on St. Kitts, West Indies on or about March 27, 2019. (Am. Compl. ¶¶ 6, 34). Plaintiff departed the ship and participated in an excursion called the "Beach Day," (*id.* ¶ 35), which was operated by Defendant Kantours and marketed by Carnival. (*Id.* ¶ 24). After the excursion, Kantours "rushed the excursion participants onto a water taxi, which had steps to get onto." (*Id.* ¶ 36). The steps were wet and slippery, causing Plaintiff to fall and sustain injuries. (*Id.* ¶ 37–38). Plaintiff then filed this action on July 12, 2019, claiming: (1) negligence against Carnival (Count I); (2) negligent selection and retention against Carnival (Count II); (3) negligence against Kantours (Count III); (4) apparent agency or agency by estoppel against Carnival (Count IV); (5) joint venture between Carnival and Kantours (Count V); and (6) breach of a third-party beneficiary contract between Carnival and Kantours (Count VI). (*See generally* Am. Compl.).

Carnival now moves to dismiss the Amended Complaint in its entirety as an "impermissible shotgun pleading." (Mot. at 1). Additionally, Carnival moves to dismiss Counts I, II, IV, V, and VI, which (if granted) would effectively remove Carnival from the case and leave Count III—negligence against Kantours—as the only remaining count. (*See generally id.*). As to Count I, Carnival argues that Plaintiff fails to allege facts supporting that Carnival knew or should have known that the water taxi's steps were unreasonably wet or slippery. (*Id.* at 2). As to Count II, Carnival argues that Plaintiff fails to allege facts supporting that Kantours was incompetent as a tour operator or that Carnival otherwise knew or should have known about Kantours' particular incompetence. (*Id.*). As to Count IV, Carnival argues that "apparent agency" is not an independent cause of action. Moreover, according to Carnival, "the materials that [Plaintiff] references in the Amended Complaint and makes central to her claim establish that independent contractors operated all tours and thus contradict her allegations." (*Id.*). As to Count V, Carnival likewise

2

argues that the claim for joint venture fails because "the very Tour Operator Agreement that Plaintiff references in the Amended Complaint and make[s] central to her claim contradicts her allegations." (*Id.*). And as to Count VI, Carnival argues that the third-party beneficiary claim should be dismissed because the above-referenced tour operator agreement indicates that Plaintiff was not an "intended beneficiary" of the contract between Carnival and Kantours. (*Id.*).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. While the Court's review is generally confined to the four corners of the complaint, when "the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents . . . for purposes of Rule 12(b)(6) dismissal." *Brooks*, 116 F.3d at 1369.

## II. DISCUSSION

### A. The Amended Complaint is an Impermissible Shotgun Pleading

The Eleventh Circuit "has been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years." *Vice Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018) (internal quotation marks omitted). "A shotgun-style complaint [is] one that incorporates all of the general factual allegations by reference into each subsequent claim for relief." *Great Fla. Bank v.*

3

*Countrywide Home Loans, Inc.*, No. 10-22124-CIV, 2011 WL 382588, at *2 (S.D. Fla. Feb. 3, 2011) (internal quotation marks omitted). "Shotgun pleadings" are disfavored because they make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Moreover, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro*, 878 F.3d at 1295 (internal quotation marks omitted).

Here, the Amended Complaint begins each count by incorporating the forty-six paragraphs of general factual allegations into each subsequent claim for relief, making no effort to marshal those allegations for the particular claim being asserted. For example, one of the "General Allegations" in the Amended Complaint is that "Carnival[] exercises or exercised control over the subject excursion in its requirements for its operation, insurance, and safety." (Am. Compl. ¶ 43). It is not clear whether Plaintiff intends this allegation to support the claim against Carnival for negligence (Count I), apparent agency (Count IV), joint venture (Count V), or some combination thereof.

Additionally, the Amended Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015) (describing complaints with vague and conclusory allegations as another type of shotgun pleading). For example, the Amended Complaint alleges that Carnival had "constructive knowledge of the unreasonably dangerous and/or risk-creating conditions [because] [p]revious incident(s) such as Plaintiff's occurred, and or complaint(s) were made, so as to impute notice upon Carnival." (Am. Compl. ¶ 51(B)(b)). Moreover, regarding the negligence claim against the excursion operator, the Amended Complaint

alleges that Kantours "knew or should have known of the foregoing conditions causing the subject incident and did not correct them, and/or the condition existed for a sufficient length of time so that the excursion providers, in the exercise of reasonable care under the circumstances, should have learned of them." (*Id.* ¶ 67). Because of this, as in *Serra-Cruz*, "[t]he Court agrees with Carnival that Plaintiff has insufficiently pled notice because she has failed to articulate what facts gave [Defendants] actual or constructive notice about any dangerous condition." *Serra-Cruz v. Carnival Corp.*, Case No.: 1:18-cv-23033-UU, 2019 U.S. Dist. LEXIS 23591, at *23 (S.D. Fla. Feb. 12, 2019). Simply put, "there is no explanation as to *how* these incidents put [Defendants] on notice." *Id.* at *23–24 (emphasis in original); *see also Polanco v. Carnival Corp.*, Case No.: 10-21716-CIV-JORDAN, 2010 U.S. Dist. LEXIS 150857, at *7 (S.D. Fla. Aug. 11, 2010) ("There are also no details about the similar past incidents that Carnival allegedly failed to investigate. What were the incidents, and how were they similar? When did they occur? Who was the excursion operator? Who were the drivers of the motor vehicles in the other incidents? How did Carnival learn of the incidents? The complaint is bereft of information on these material issues. It therefore fails to state a claim for negligence, and is dismissed without prejudice.").

### B. The Third-Party Beneficiary Claim (Count VI)

Count VI asserts a claim for breach of contract premised on Plaintiff being a third-party beneficiary to the excursion contract between Carnival and Kantours. (*See generally* Am. Compl. ¶ 94). According to the Amended Complaint, "[a]n implied term of the subject contract between Carnival and Kantours is that Kantours will provide a safe and secure excursion for Carnival passengers." (*Id.* ¶ 96). Therefore, according to the Amended Complaint, "[t]he intended third-party beneficiaries of this contract between the parties were all of the Carnival cruise passengers who participated in this excursion, including the Plaintiff herein." (*Id.* ¶ 98).

5

The Amended Complaint does not state facts to sustain this theory. Indeed, "[a] party is an intended beneficiary only if the parties to the contract clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party or a class of persons to which that party claims to belong." *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So. 2d 1028, 1031 (Fla. Dist. Ct. App. 1994). The contract between Carnival and Kantours expressly disclaims an intent to benefit any third parties. *See* DE 8-7 ¶ 12 ("Each party represents and warrants to the other party that . . . its execution and performance under this Agreement will not result in a breach of any obligation to any third party or infringe or otherwise violate any third party's rights.").[2] Therefore, Plaintiff cannot state a claim to relief as a third-party beneficiary, under any set of facts, because the parties did not "clearly express" an intent to "primarily and directly" benefit her. *Accord Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1398 (S.D. Fla. 2014) ("To the extent that Plaintiff alleges that [the parties] contracted to ensure the safety of [the cruise] passengers, this is far too generalized to support a third-party beneficiary claim."). Count VI is therefore dismissed with prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that Carnival's Motion to Dismiss **(DE 12)** be, and the same hereby is, **GRANTED IN PART**. Plaintiff's Amended Complaint **(DE 10)** is hereby **DISMISSED WITHOUT PREJUDICE** as to counts alleging negligence. **Count VI is DISMISSED WITH PREJUDICE** for the reasons set forth above.

---

[2] On a motion to dismiss for failure to state a claim, the Court is generally confined to the four corners of the complaint unless "the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim." *Brooks*, 116 F.3d at 1369. The Court considers the excursion contract between Carnival and Kantours to be central to Plaintiff's claim for breach of a third-party beneficiary contract. However, the Court does not consider this contract to be central to Plaintiff's claims for joint venture and apparent agency because those claims are grounded in tort liability rather than contract liability.

Plaintiff may file a Second Amended Complaint within **thirty (30) days** from the date of this Order if counsel so elects.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 10th day of January, 2020.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**cc:** **All counsel of record**