UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
CASE NO. 1:19-cv-22900-JLK

DESIREE MORENO,

    Plaintiff,

v.

CARNIVAL CORPORATION,

a Panamanian Corporation d/b/a

CARNIVAL CRUISE LINE, and

VACATION AND TOUR CONSULTANTS,

d/b/a KANTOURS,

    Defendants.

_____/

## OMNIBUS ORDER ON DEFENDANTS' MOTIONS TO DISMISS

THIS MATTER is before the Court on Defendants' Motions to Dismiss (DE 26 and DE 27). The Court has also considered Plaintiff's Responses (DE 39 and DE 40), Defendants' Replies (DE 46 and DE 48), and is otherwise fully advised.

### I. BACKGROUND

This case arises from a slip-and-fall on a water taxi during an excursion from a Carnival cruise.[1] Plaintiff Desiree Moreno was a lawful passenger aboard the cruise ship, the Carnival *Horizon*, which was owned and operated by Defendant Carnival Corporation. (Second Am. Compl. ¶ 6). The *Horizon* docked at St. Kitts, West Indies on or about March 27, 2019 (*Id.* ¶ 34), and Plaintiff departed the ship and participated in a shore excursion. (*Id.* ¶ 35). This excursion was operated by Defendant Kantours and had been marketed by Carnival. (*Id.* ¶ 24).

---

[1] The factual allegations of the Second Amended Complaint (DE 25) are construed in the light most favorable to the plaintiff and are accepted as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

While stepping from a wet dock area onto steps leading to a water taxi vessel, Plaintiff slipped and fell, sustaining injuries. (*Id.* ¶¶ 36–38).

This action was filed on July 12, 2019. (*See* Compl., DE 1). Plaintiff brought numerous claims against Carnival and Kantours, including negligence and breach of contract as a third-party beneficiary. (*Id.*). Pursuant to Fed R. Civ. P. 15(a)(1)(B), Plaintiff filed an Amended Complaint on August 30, 2019. (DE 10). Upon motion of Carnival, the Court dismissed Plaintiff's Amended Complaint on January 10, 2020, finding it was "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." (Or. Granting in Part Carnival's Mot. Dismiss, DE 22 at 4) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015)). Plaintiff was given leave to amend the complaint to more clearly establish the factual and legal basis for her claims. (*Id.*). Plaintiff's (operative) second Amended Complaint was filed on February 24, 2020, alleging negligence against Carnival (Count I), negligent hiring against Carnival (Count II), negligence against Kantours (Count III), apparent agency against Carnival (Count IV), and joint venture against Carnival and Kantours (Count V). (*See* DE 24 and DE 25). Carnival and Kantours now move to dismiss the second Amended Complaint. (*See* DE 26 and DE 27) (the "Motions").

Carnival filed its Motion to Dismiss on March 9, 2020, arguing that the second Amended Complaint fails to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 26). Kantours filed a separate Motion to Dismiss on March 19, 2020, challenging this Court's personal jurisdiction over it pursuant to Federal Rule of Civil Procedure 12(b)(2). (DE 27). This case was then stayed due to logistical difficulties posed by the COVID-19 pandemic. (*See* DE 32 and DE 36). Once the stay expired, Plaintiff filed its Responses to these Motions on June 1, 2020 and June 2, 2020, respectively. (DE 39 and DE 40). Carnival filed its Reply Brief on June 16, 2020 (DE 46), and Kantours filed its Reply Brief on June 19, 2020 (DE 48). This opinion deals with these two separate Motions to Dismiss. (DE 26 and DE 27).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

2

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. While the Court's review is generally confined to the four corners of the complaint, when "the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents . . . for purposes of Rule 12(b)(6) dismissal." *Brooks*, 116 F.3d at 1369.

### III. DISCUSSION

#### A. Carnival Corporation's Motion to Dismiss

Carnival moves to dismiss the claims for apparent agency (Count IV) and joint venture (Count V). (DE 26 at 1–2). Regarding the claim for apparent agency, Carnival argues that "Count IV should be dismissed because the materials that [Plaintiff] references in the Second Amended Complaint and makes central to her apparent agency claim (i.e. several sections of Carnival's website and Shore Excursions Brochure) establish that independent contractors operated all tours and thus contradict her allegations. For this reason, this claim/theory of vicarious liability fails as a matter of law." (*Id.*). Regarding the claim for joint venture, Carnival argues that "Count V should be dismissed because the very Tour Operator Agreement ("TOA") that Plaintiff references in the Amended Complaint and make[s] central to her claim contradicts her allegations. . . . For this reason, this claim/theory of vicarious liability fails as a matter of law." (*Id.* at 2). In response, Plaintiff argues that Carnival is relying on documents outside the four corners of the complaint, which the court may not consider on a motion to dismiss for failure to state a claim. (*See* DE 39 at 3–8).

After careful consideration, the Court agrees with Plaintiff. On a motion to dismiss for failure to state a claim, the Court is generally confined to the four corners of the complaint unless "the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim." *Brooks*, 116 F.3d at 1369.

Here, the extrinsic documents on which Carnival relies (like the excursion brochure and the guest ticket contract) are not "central" to Plaintiff's claim for apparent agency, which can be proven by evidence of varying kind and degree. "Unless the alleged agency relationship is to be proven exclusively by analysis of the contract between principal and agent (in which case the question is an issue of law), the relationship is generally a question of fact and should be analyzed by looking at the totality of the circumstances." *Banco Espirito Santo Intern., Ltd. v. BDO Intern., B.V.*, 979 So. 2d 1030, 1032 (Fla. 3d DCA 2008).

Stated differently, since Plaintiff's theory of vicarious liability is based (in part) on Carnival's outward "manifestations" of an agency relationship (Second Am. Compl., ¶ 72), the Court is faced with a factual issue more appropriately addressed at summary judgment. *See also Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1397 (S.D. Fla. 2014) (Williams, J.) ("While Plaintiff does refer to the liability waiver in his complaint, this document is not so central to Plaintiffs claim as to compel the Court to stray from the four corners of the complaint at this stage of the litigation. Waiver and release are more properly considered as affirmative defenses. For these reasons, the Court will confine its analysis to the complaint itself and find that Plaintiff has stated a valid claim for apparent agency.") (internal citations omitted). Plaintiff's claim for apparent agency therefore survives dismissal.

For similar reasons, the Court also finds that Plaintiff has stated a valid claim for joint venture. In seeking dismissal of the joint venture claim, Carnival relies on the disclaimer contained in the Tour Operator Agreement between Carnival and Kantours, which provides that "[n]othing related in this agreement shall be construed as constituting OPERATOR and CARNIVAL as . . . joint venturers." (TOA ¶ 11, DE 8-7). But the Court is not persuaded. "Plaintiff did not attach the Tour Operator Agreement to [her] Complaint and, while Plaintiff refers to an "agreement," [she] does not necessarily refer to the Tour Operator Agreement. Accordingly, the Court cannot conclude that the Tour Operator Agreement is central to Plaintiff s claim," rendering it improper to consider on Carnival's Motion to Dismiss. *Winter v. Royal Caribbean Cruises Ltd.*, Case No. 14-cv-23978-KING, DE 32 at *2 (S.D. Fla. July 24, 2015). "While the Tour Operator Agreement specifically states that *it* does

4

not constitute a joint venture, a subsequent course of conduct may have created such a joint venture agreement, and the Amended Complaint only references an 'agreement.'" *Ash v. Royal Caribbean Cruises, Ltd.*, Case No. 13-cv-20619, 2014 WL 6682514, at *8 (S.D. Fla. Nov. 25, 2014) (emphasis in original). Staying within the four corners of the complaint, the Court finds that Plaintiff has asserted a valid claim for joint venture, and Carnival's Motion to Dismiss is denied.

B. **Kantours' Motion to Dismiss**

In a separate Motion, Kantours seeks dismissal of the second Amended Complaint for lack of personal jurisdiction. (*See* Mot. Dismiss, DE 27). Through an affidavit attached to the Motion, the Executive Chairman of Kantours attests that "Kantours has always been incorporated and authorized to do business in St. Kitts and has never been incorporated, licensed, registered to do business and/or qualified to do business within the State of Florida or any other state in the United States." (Decl. of Clayton Perkins, DE 27-1 ¶ 4). The Executive Chairman also attests that "Kantours has never operated, conducted, engaged in, transacted business in or carried on a business or business venture within the State of Florida or any other state in the United States." (*Id.* ¶ 8).

It is well settled that whether a federal court has personal jurisdiction over a defendant involves a two-part inquiry. First, the Court must determine whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of Florida's long arm statute, which is codified at § 48.193, Fla. Stat. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). Second, the Court must determine whether sufficient minimum contacts exist to satisfy the due process requirements of the United States Constitution.

1. **Long-Arm Statute**

Florida's long-arm statute provides two bases for exercising personal jurisdiction over a non-resident defendant. Under § 48.193(1), Fla. Stat., specific jurisdiction derives from a Defendant's activities within the forum state. "By contrast, under Fla. Stat. § 48.193(2), general jurisdiction is conferred over the defendant if he or she engaged in substantial and not isolated activity within Florida, whether or not the claim arises from that activity." *Lapidus v. NCL America, LLC*, Case No. 12-cv-21183, 2013 WL 646185, at *3 (S.D. Fla. Feb. 14,

2013). Here, Plaintiff appears to invoke the "specific jurisdiction" clause of § 48.193(1) and not the "general jurisdiction" clause of § 48.193(2), but in any event, the Court finds that it lacks personal jurisdiction over Kantours under both subsections.

**1. Specific Jurisdiction**

"A nonresident defendant may be subject to 'specific' personal jurisdiction under subsection 48.193(1) if the person commits any of the acts enumerated in the subsection within Florida and the cause of action arose from the act." *Zapata v. Royal Caribbean Cruises, Ltd.*, Case No. 12-cv-21897, 2013 WL 1100028, at *2 (S.D. Fla. Mar. 15, 2013). One such category of enumerated acts includes "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." § 48.193(1)(a), Fla. Stat.

Plaintiff relies on this subsection, alleging that Kantours is subject to specific personal jurisdiction in Florida by: "advertis[ing], market[ing], and/or sell[ing] the subject excursion tickets through Carnival's website and app, which are administered in Florida; maintaining a bank account in Florida; and receiving payment for its excursions in Florida," among other things. (Second Am. Compl. ¶ 13). But these allegations, even if true, do not satisfy Florida's long-arm statute because Plaintiff's underlying cause of action for negligence does not "arise from" Kantours' limited business activities within the state.

Indeed, Plaintiff alleges that she was injured during a shore excursion occurring in St. Kitts, West Indies, but there is no connection between this incident and Kantours' maintenance of a bank account in Florida, nor is there a connection between the sale of the excursion tickets in Florida and the alleged negligence that occurred in St. Kitts. *See Lapidus*, 2013 WL 646185, at *4 ("Similarly, in the instant case, there is no connexity between the sale of excursion tickets via a website administered in Florida and Plaintiff's claims that Defendants' negligence in Hawaii caused his injuries.").

As an additional matter, the Court also rejects Plaintiff's reliance on the "conferral of jurisdiction" clause

contained in the Tour Operator Agreement between Carnival and Kantours. The Tour Operator Agreement provides, in pertinent part:

> In the event of litigation, the prevailing party shall be entitled to recover all costs incurred in connection with the litigation, including, without limitation, reasonable attorney's fees. *OPERATOR consents to the personal jurisdiction over it and to the venue of the courts serving the Southern District of Florida* in the event of any lawsuit to which CARNIVAL is a party and which is related to, in connection with, arising from or involving the Shore Excursion or the terms of this Agreement. (DE 8-7 ¶ 14(c)) (emphasis added).

Plaintiff argues that Kantours has consented to personal jurisdiction in Florida by executing the above-referenced contract with Carnival, but the Court disagrees. Plaintiff cannot enforce a contract to which she was not a party, and of which she was not a third-party beneficiary.[2] Her claims arise from the negligence that (allegedly) occurred during a shore excursion, not from the contractual relationship between Carnival and Kantours. In other words, "Plaintiff has provided no compelling reason that [her] interests are 'completely derivative' of Defendant Carnival's or Defendant [Kantours'] in regard to the [Tour Operator Agreement]." *Meyer v. Carnival Corp.*, 938 F. Supp. 2d 1251, 1257 (S.D. Fla. 2013). Thus, Plaintiff cannot enforce the "consent to jurisdiction" provision. And since Plaintiff has failed to otherwise establish that her injuries arose from Kantours' business activities within Florida, the Court finds that it lacks specific personal jurisdiction over Kantours.

2. **General Jurisdiction**

The Court now analyzes the second basis for exercising jurisdiction over a non-resident defendant under Florida's long-arm statute, § 48.193(2), Fla. Stat. This provision allows Florida courts to exercise jurisdiction over a non-resident defendant "who engages in substantial and not isolated activity within this state . . . whether or not the claim arises from that activity." *Id.* Here, the second Amended Complaint is devoid of facts alleging that Kantours engaged in business activity within Florida, much less activity that was "substantial and not isolated." In addition, the Court has considered the affidavit furnished by

---

[2] Plaintiff's third-party beneficiary claim was dismissed on January 10, 2020. (*See* DE 22 at 5–6).

the Executive Chairman of Kantours, who attests that Kantours has never conducted business in Florida. *See also Black v. Acme Markets, Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977) ("In ruling on a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint, *except insofar as controverted by the defendant's affidavit*, must be taken as true.") (emphasis added).[3] The Court therefore lacks general jurisdiction over Kantours under Florida's long-arm statute.

3. **Due Process and Minimum Contacts**

Having concluded that Florida's long-arm statute provides no basis for exercising jurisdiction over Kantours, the Court need not address the second inquiry: whether the exercise of jurisdiction comports with due process. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999). "A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." *Santamorena v. Ga. Military Coll.*, 147 F.3d 1337, 1343 (11th Cir. 1998).

4. **Jurisdictional Discovery**

Finally, the Court endeavors to address Plaintiff's attempt to engage in jurisdictional discovery. Plaintiff requests a thirty-day period to conduct limited jurisdictional discovery, but Plaintiff has not identified the specific discovery that she requires. Nor has Plaintiff shown how additional discovery would help establish jurisdiction. Plaintiff has failed to allege sufficient facts to make out a prima facie case of personal jurisdiction over Kantours. (*See generally* ¶ B, *supra*).

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1. Carnival's Motion to Dismiss **(DE 26)** be, and the same is, hereby **DENIED**;

2. Carnival shall file its Answer or other responsive pleading to Plaintiff's Second Amended Complaint within **twenty (20) days** from the date of this Order;

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3. Kantours' Motion to Dismiss **(DE 27)** is hereby **GRANTED**; and

4. The Clerk of Court shall **TERMINATE** Defendant Vacation and Tour Consultants, d/b/a/ Kantours from this case.

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 14th day of September, 2020.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record